UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14069-CR-MARTINEZ/LYNCH(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES GEORGE,

    Defendant.
_____/

FILED by _____ D.C.

MAR 12 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 10-5189]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court on March 2, 2012, and this Court having reviewed the voucher, the submissions in support thereof filed by Robert W. Stickney, Esquire, as attorney for the Defendant, as well as a copy of Mr. Stickney's letter explaining the underlying nature of the case, and this Court noting that the voucher has been reviewed by the CJA Case Administrator, this Court recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of $29,900.00 as reasonable attorney's fees for tasks performed and hours spent as set forth in the voucher and the attachments at the rate of $125.00 per hour. Additionally, counsel seeks $1,964.64 as travel expenses, and $486.65 as other expenses, bringing the total amount sought to $33,326.29.

    2.    This Court has reviewed the voucher, considered the explanation by Mr. Stickney, and is otherwise familiar with this case after having handled most of the pre-trial

proceedings. It is not necessary for this Court to conduct an evidentiary hearing based on this Court's familiarity with the case. Further, this is an administrative decision as opposed to an adversarial proceeding. United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3. The attorney's fees sought by Mr. Stickney exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). As a result, this Court must determine whether the matter is "extended" or "complex" as defined in that statute. An extended case is defined as one requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. The Defendant George was charged originally by Indictment in six of the seven counts set forth in the Indictment. Those original charges included conspiracy to commit robbery, attempt to commit robbery, conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride, attempt to possess with intent to distribute five kilograms or more of cocaine hydrochloride, conspiracy to use and carry a firearm during and in relation to a crime of violence/drug trafficking crime, and carrying a firearm during and in relation to a crime of violence/drug trafficking crime. Counsel for the Defendant was appointed in August of 2010 and served as counsel for the Defendant through sentencing and the close of this case which was in December of 2011.

5. During the pendency of this case, Mr. Stickney points out there were some eleven discovery disclosures by the government. This discovery included twenty-three compact disks with sixteen surveillance videos. There were at least one hundred pages of investigative documents/reports as well as transcripts of every recorded telephone call which were recorded by the investigators. Mr. Stickney also points out that he and co-

counsel attempted to coordinate efforts whenever possible concerning discovery reviews and meetings to reduce the amount of time and expense involved.

6. There were apparently problems with the audio and video files provided by the government. This required two hearings to get authorization to inspect the government recording equipment so the defense experts could ascertain the problems they were encountering with these recordings. Finally, Mr. Stickney points out that there were some eleven hearings involving approximately eight hours of courtroom work.

7. The Defendant exercised his right to go to trial all the way up until the very end. Therefore, Mr. Stickney was required to prepare the case through several continuances of trial, anticipating that the case would go to trial. Mr. Stickney estimates that he had at least fourteen conferences with his client as well as twelve telephone conferences with his client. He also is seeking reimbursement of twenty-six hours of legal research, which this Court will address later. Based upon the nature of the case and Mr. Stickney's expertise in federal criminal trials, this Court finds that amount to be a bit excessive.

8. Pursuant to negotiations with the government, Mr. Stickney was able to negotiate a plea agreement in this matter. Pursuant to that plea agreement, the government filed a two count Superseding Information charging the Defendant George with conspiracy to possess with intent to distribute five hundred grams or more of cocaine hydrochloride and carrying a firearm during and in relation to a drug trafficking crime. The Defendant entered into a plea agreement and entered his pleas of guilty to those two charges. On or about December 8, 2011, Judge Martinez sentenced the Defendant to a period of 120 months as to the cocaine charge and 60 months as to the firearms charge

with those sentences to run consecutively. There was also supervised release imposed at the time of sentencing.

9. This Court has made an independent review of the detailed time records attached to the CJA Voucher as prepared by counsel for the Defendant. There was voluminous discovery as referenced above. There were numerous hearings. This Court can understand why it would have taken Mr. Stickney extended conferences with his client based on the original charges and voluminous discovery which had been accumulated by the government in this matter.

10. In determining whether or not the matter is complex, this Court must look to the underlying charges for which the Defendant was originally indicted. Those charges are serious and involve meetings with who were later determined to be undercover officers. The tasks performed by Mr. Stickney all appear to be reasonable and necessary in light of the charges, with the exception of some his legal research and document review. While this Court can appreciate Mr. Stickney needs to prepare for trial, the underlying issues were not novel nor complex enough to require twenty-six hours of research in this Court's view. This Court is going to award ten hours of legal research as opposed to the twenty-six hours sought by counsel for the Defendant.

11. In addition to reducing the legal research from 26 hours to 10 hours, this Court finds that even with the voluminous discovery in this matter, obtaining and reviewing records to extent of 66.2 hours is just unreasonable in light of the entire facts of this case. This Court has taken into consideration Mr. Stickney's assertion that wherever possible counsel coordinated with co-counsel reviewing discovery records. This Court has reviewed other CJA Vouchers in respect to co-defendants in this case and finds that reviewing

4

records was one-third of the hours being sought by Mr. Stickney. This Court is not implying that Mr. Stickney did not in fact spend 66.2 hours in document review. This Court is only stating that it could have been done in a much shorter time period and still adequately represented the Defendant in this matter. Therefore, this Court is reducing the amount of time of obtaining and reviewing records from 66.2 hours to 40.0 hours.

12. This Court finds that the nature of the case was complex and extended as defined by the statute and as referenced by this Court herein above. Based on the above time reductions, this Court reduces the 239.2 hours of out-of-court time being sought to be reimbursed by 16 hours deducted from legal research and 26.2 hours deducted from obtaining and reviewing records, to bring the total out-of-court hours to be 197 hours. In summary, this Court finds 7.8 hours of in-court time to be compensable in the amount of $975.00. This Court finds that a reduced amount of hours to 197 hours is justifiable, resulting in attorney's fees of $24,625.00 for out-of-court time spent. This would bring the attorney's fees total to $25,600.00. As referenced above, the travel expenses of $1,964.64 and other expenses of $486.65 are deemed reasonable and compensable. Adding those to the attorney's fees brings the total amount of the award to be $28,051.29.

13. The travel time and other costs being sought by Mr. Stickney all appear to be reasonable and necessary as being incurred in connection with the representation of the Defendant in this matter. As always, this Court appreciates the willingness of private counsel to accept appointment under the Criminal Justice Act to provide competent representation of indigent individuals who would otherwise be entitled to representation by the Federal Public Defender's Office but for a conflict of interest. As such, the amounts

sought by Mr. Stickney, with some adjustments as referenced herein, should be compensated.

14. This Court cannot ignore the fact that the Criminal Justice Act was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. The Act was intended to provide indigent defendants with meaningful representation by competent counsel. United States v. Pena, 2011 WL 5102042 (S.D. Fla. 2011).

15. The Court has a gatekeeper function in respect to balancing the right of court appointed counsel to receive adequate compensation for representation given to a particular indigent defendant as provided by statute against the realization that there are limited CJA funds available in this District and nationwide for such services. In doing so, this Court must make certain that CJA counsel is adequately compensated even if that compensation does not equal what could have been obtained in the private sector. United States v. Carpenter, 2011 WL 1099891 (S.D. Fla. 2011).

**ACCORDINGLY,** this Court recommends to the District Court that the CJA Voucher #FLS-10-5189 be **GRANTED** in the amounts set forth herein as adjusted by this Court's review, and that Mr. Stickney be awarded the sum of $25,600.00, in attorney's fees; travel expenses in the amount of $1,964.64; and other expenses of $486.65, for a total of $28,051.29.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this /2nd day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon Jose E. Martinez
Robert Stickney, Esq.
Lucy Lara, CJA Case Administrator